## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **GEORGE HOWARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 21-781 |
| | § | |
| **AMERIFIRST FINANCIAL, INC. AND** | § | |
| **HELEN ROBINSON,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS AMERIFIRST FINANCIAL, INC.'S AND HELEN ROBINSON'S NOTICE OF REMOVAL

Defendants Amerifirst Financial, Inc. ("Amerifirst") and Helen Robinson ("Robinson") (collectively "Defendants") file this Notice of Removal under 28 U.S.C. §1446(a), respectfully stating as follows:

### INTRODUCTION

1.      This case was initially filed in the 345th Judicial District Court, Travis County, Texas, in an action styled "*George Howard v. Amerifirst Financial, Inc. and Helen Robinson,*" Cause No. D-1-GN-21-003470 (the "State Court Action"). The address of the 345th Travis County District Court is 1000 Guadalupe, 5th Floor, Austin, TX 78701.

2.      In the State Court Action, Plaintiff George Howard ("Plaintiff") asserted claims for alleged Deceptive Trade Practices, Common Law Fraud, Fraud in a Real Estate Transaction, Negligence, Violations of Texas Finance Code and associated alleged damages related to a loan transaction between Amerifirst and Plaintiff.  Robinson is an employee of Amerifirst and served as a loan officer in connection with the transaction.

3.      Defendants received notice of Plaintiff's Original Petition on August 4, 2021. Defendants filed both this Notice of Removal in the United States District Court for the Western District of Texas, as well as the required Notice of Removal in the State Court Action on September 3, 2021.   Therefore, Defendants properly removed this case within the 30-day time period required by 28 U.S.C. §1446(b)(1).

4.      In accordance with 28 U.S.C. §1446(a), copies of the docket sheet and all pleadings, process, orders, and other filings in the State Court Action, along with an index of the same, are attached to this notice as Exhibits A-G.[1]

## BASIS FOR REMOVAL

5.      Removal is proper pursuant to 28 U.S.C. §1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

### A.      There is Complete Diversity Among the Parties

6.      Defendant Amerifirst Financial, Inc. is an Arizona corporation with its principal place of business located at 1550 E. McKellips Road, Suite 117, Mesa, AZ 85203.

7.      Defendant Helen Robinson is an individual domiciled in Williamson County, Texas.

8.      Plaintiff is an individual domiciled in Travis County, Texas.

9.      As shown above, there is diversity of citizenship between Plaintiff and Defendant Amerifirst.   Although Plaintiff and Defendant Robinson are both citizens of Texas, there is complete diversity of citizenship among the parties because Robinson is improperly joined.

---

[1]      As Plaintiff's counsel agreed to extend the deadline for Defendants to respond to Plaintiff's Original Petition to September 13, 2021, no responsive pleading was filed by Defendants in the State Court Action.

*See Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b).  Plaintiff has not stated a claim against Robinson and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Robinson. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Whether this standard is met is determined by application of the federal pleading standard under Rule 12(b)(6). *Id.* at 208.  Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Factual allegations must be enough to raise a right to relief above the speculative level. *Lopez,* 197 F. Supp. 3d at 949.

10.     Plaintiff cannot recover against Robinson pursuant to his claim under the Texas Deceptive Trade Practices Act because the statute does not apply as pled by Plaintiff.  Additionally, claims under the Texas Deceptive Trade Practices Act are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and Plaintiff has not met this standard. *Lopez,* 197 F. Supp. 3d at 951; *See Pierce v. N. Dallas Honey Co.*, 3:19-CV-00410-X, 2020 WL 1047903, at *4 (N.D. Tex. Mar. 3, 2020).  Plaintiff has not adequately pled a cause of action under Tex. Bus. Comm. Code § 17.46(b) because there are no factual allegations that the information allegedly not disclosed was known by Robinson at the time, or that the failure to disclose was made with the intention to induce Plaintiff into a transaction that Plaintiff would not have entered into had the information been disclosed.  There are also no factual allegations sufficiently pled to allege an "unconscionable action or course of action" of taking advantage of the lack of knowledge, ability, experience or capacity of Plaintiff to a grossly unfair degree. Tex. Bus. Comm. Code § 17.45(5).

11.     Plaintiff has not pled a claim for fraud against Robinson because there are no allegations of an intentional or reckless misrepresentation or knowledge of falsity of any statement or representation at the time made, other than insufficient conclusory allegations. *See Pierce,* 2020 WL 1047903, at *3.  There is further not sufficient factual allegations regarding Robinson's intent for Plaintiff to act on any alleged representation.  Specific allegations of these elements are essential to state a claim for fraud. *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 339 (5th Cir. 2008); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

12.     Plaintiff cannot recover against Robinson pursuant to his claim for fraud in a real estate transaction under Tex. Bus. & Comm. Code Ann. § 27.01(a)(1) because the statute is not applicable to the facts and circumstances of this case. Plaintiff's allegations relate to a loan transaction, which is not actionable under the statute. *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 343 (5th Cir. 2008) (citing *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App. 2000) ("A loan transaction, even if secured by land, is not considered to come under the statute."); *Dykes v. Cendant Mortg. Corp.*, 04-02-00769-CV, 2003 WL 1823397, at *2 (Tex. App.—San Antonio Apr. 9, 2003, pet. denied).  Additionally, Plaintiff has not pled that any alleged false representation was made to him for the purpose of inducing him to enter into a contract, which is an essential element of this claim. Tex. Bus. & Comm. Code Ann. § 27.01(a)(1).

13.     Plaintiff cannot recover against Robinson pursuant to his negligence claim because Robinson does not owe a legal duty to Plaintiff.  *See 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Even if there was a duty between the lender (Amerifirst) and Plaintiff, there is no separate and independent duty Robinson owed to Plaintiff that would give rise to individual liability. *See Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996).  Plaintiff has not alleged the existence of a separate

and independent duty.  Moreover, Plaintiff has pled no facts to support a finding of a separate and independent duty or a special or fiduciary relationship between Plaintiff and Robinson.  Plaintiff's allegations are limited to acts in the course and scope of Robinson as an employee.

14.     Plaintiff cannot recover against Robinson pursuant to his claim for violation of the Texas Finance Code because the statute does not give rise to a private cause of action or civil claim and is further inapplicable. Tex. Fin. Code § 180.201.

**B.     The Amount in Controversy Exceeds $75,000**

15.     Plaintiff has affirmatively specified in his pleading that he seeks "monetary relief of $250,000 or less."  More specifically, in paragraph 39 of Plaintiff's Original Petition, Plaintiff alleges the following damages: (a) out-of-pocket expenses, including but not limited to paying $45,000 more for the price of the Property and $10,942.43 taken from Plaintiff's savings to fund the transaction; (b) interest and/or finance charges assessed against and paid by Plaintiff; (c) loss of the "benefit of the bargain"; and (d) reasonable medical care and expenses for stress-related illnesses.  Plaintiff's Original Petition continues on in paragraphs 40-45 to allege and seek (a) mental anguish damages "in excess of the minimum jurisdictional limits of this Court," (b) multiple damages pursuant to the Texas Deceptive Trade Practices Act, (c) exemplary damages, and (d) attorneys' fees.  Thus, it is facially apparent from the allegations in Plaintiff's Original Petition that the amount in controversy requirement is met.  *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2).

## CONSENT

16.     Defendants file this notice of removal jointly and consent to the removal of this action, thereby satisfying the joinder and/or consent requirements of 28 U.S.C. §1446(b)(2)(A).

## NOTICE

17.     Defendants have filed or will file, on this same date, a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

## VENUE

18.     Venue is proper in this Court under 28 U.S.C. §1441(a), because the state court where the suit has been pending is located in this district.

## JURY DEMAND

19.     Defendants did not file an answer or demand a jury in the State Court Action.

20.     Plaintiff made a demand for jury trial in Plaintiff's Original Petition filed with the State Court.

## CONCLUSION

As set forth in more detail above, removal of this case is appropriate, and all parties to the State Court Action styled "*George Howard v. Amerifirst Financial, Inc. and Helen Robinson,*" Cause No. D-1-GN-21-003470, in the 345th Judicial District Court, Travis County, Texas, are HEREBY NOTIFIED that removal of the State Court Action and all claims and causes of action asserted therein was effectuated upon the filing of a copy of this Notice of Removal with the Clerk of the District Court pursuant to 28 U.S.C. §§1441 and 1446. The State Court Action is removed from the Travis County District Court in which it is pending, to the United States District Court, Western District of Texas, Austin Division.


Dated:  September 3, 2020

Respectfully submitted,

By: _____ */s/ Margaret "Peg" Donahue Hall* _____
       Margaret "Peg" Donahue Hall
       Texas Bar No. 05968450
       Laurie N. Patton
       Texas Bar No. 24078158

**SPENCER FANE LLP**
2200 Ross Ave., Suite 4800 West
Dallas, Texas  75201
Tel:     (214) 459-5882
Fax:    (214) 750-3612
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel.     (972) 324-0300
Fax.    (972) 324-0301
Email:  phall@spencerfane.com
         lpatton@spencerfane.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded to counsel for Plaintiff via email, ECF filing and via the State Court e-filing system on this 3rd day of September, 2021, as follows:

Farren Sheehan
fsheehan@farrensheehanlaw.com
Ashley Kraus
ashley@farrensheehanlaw.com

*/s/ Margaret "Peg" Donahue Hall* _____
Margaret "Peg" Donahue Hall

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GEORGE HOWARD** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERIFIRST FINANCIAL, INC. AND** | § | |
| **HELEN ROBINSON,** | § | |
| | § | |
| **Defendants.** | § | |

**INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**

| EXHIBIT NO. | DATE FILED | DESCRIPTION OF DOCUMENT |
|---|---|---|
| A | 07/26/21 | Plaintiff's Original Petition |
| B | 08/02/21 | Citation Issued on AmeriFirst Financial Inc. |
| C | 08/02/21 | Citation Issued on Helen Robinson |
| D | 08/05/21 | Executed Service on AmeriFirst Financial Inc. |
| E | 08/05/21 | Executed Service on Helen Robinson |
| F | 08/16/21 | Rule 11 Agreement |
| G | 08/31/21 | Docket Sheet |

EXHIBIT A

7/26/2021 3:16 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-003470
Jessica A. Limon

NO. D-1-GN-21-003470

| | | |
|---|---|---|
| GEORGE HOWARD | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 345TH   JUDICIAL DISTRICT |
| | § | |
| AMERIFIRST FINANCIAL, INC. AND | § | |
| HELEN ROBINSON | § | |
| | § | |
| Defendants. | § | OF TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GEORGE HOWARD, hereinafter called Plaintiff, complaining of and about AMERIFIRST FINANCIAL, INC. and HELEN ROBINSON, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiff, GEORGE HOWARD, is an Individual whose address is 20102 Hodde Lane, Pflugerville, Texas 78660.

3.     The last three numbers of GEORGE HOWARD's driver's license number are 030. The last three numbers of GEORGE HOWARD's social security number are 875.

4.     Defendant AMERIFIRST FINANCIAL, INC., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, URS Agents, LLC, at 2601-2 N. Josey Lane, Suite 223, Carrollton, Texas 75007, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

5.     Defendant HELEN ROBINSON, an Individual who is a resident of Texas, may be served with process at her place of employment at the following address:  930 S. Bell Boulevard, Unit 305, Office D, Cedar Park, Texas 78613.  Service of said Defendant as described above can be effected by personal service or certified mail, return receipt requested.

## JURISDICTION AND VENUE

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     Plaintiff seeks:

a.     Only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

8.     This court has jurisdiction over Defendant AMERIFIRST FINANCIAL, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over AMERIFIRST FINANCIAL, INC. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.     Furthermore, Plaintiff would show that Defendant AMERIFIRST FINANCIAL, INC. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

10.     Defendant AMERIFIRST FINANCIAL, INC. has been licensed as a mortgage lender in the state of Texas since February 13, 2012 and has conducted business as a mortgage lender in Texas since that time. Further, Defendant AMERIFIRST FINANCIAL, INC. maintains

seven branches throughout Texas. HELEN ROBINSON, an employee of AMERIFIRST FINANCIAL, INC. contracted with Plaintiff to enter into a mortgage loan in the state of Texas during August 2020.

11.   This court has jurisdiction over Defendant HELEN ROBINSON because said Defendant is a resident of the State of Texas.

12.   Venue in Travis County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTS

13.   Plaintiff initially contacted his realtor, Kirk Moore of Realty Texas, on July 12, 2020, to purchase the property described as **Lot 4, Block A, Rowe Valley Subdivision Section One, a subdivision in Travis County, Texas according to the map or plat thereof, recorded in Volume 90, Page 308, Plat Records, Travis County, Texas,** commonly known as **20102 Hodde Lane, Pflugerville, Texas 78660** (hereinafter "the Property").

14.   Kirk Moore provided Plaintiff with contact information for a number of Austin-area lenders on July 18, 2020. On that list was HELEN ROBINSON, branch manager for AMERIFIRST FINANCIAL, INC.'s office in Cedar Park, Texas. Plaintiff contacted HELEN ROBINSON that same day to begin the loan application process. HELEN ROBINSON became Plaintiff's personal loan officer, and he exclusively communicated with her about the loan. Plaintiff and the seller originally contracted to sell the property for $215,000 with a closing date of September 15, 2020 on or about August 2, 2020.

15.   Plaintiff opened his account with AMERIFIRST FINANCIAL, INC. on August 5,

2020. On or about August 7, 2020, Plaintiff and HELEN ROBINSON confirmed that the loan amount for the mortgage would be $250,000. Plaintiff provided all documents requested by HELEN ROBINSON or other members of AMERIFIRST FINANCIAL, INC.'s staff working with HELEN ROBINSON within 48 hours of any such request.

16.     On September 2, 2020, Plaintiff received closing disclosures from HELEN ROBINSON. However, by September 10, 2020 Plaintiff still had no confirmation that the loan was approved. After asking what was going on, Plaintiff received an email from Maria Hall of AMERIFIRST FINANCIAL, INC. requesting a survey of the property he was currently living in. Nearly one month prior to this correspondence, Plaintiff's accounting manager, Lorraine Jester, sent an email to multiple AMERIFIRST FINANCIAL, INC. employees on August 19, 2020. HELEN ROBINSON, Devona Postlethwait, and Marie Hall each received an email from Lorraine Jester explaining that Plaintiff did not have a survey for that property but that he was having an appraisal done. There were no other communications by any AMERIFIRST FINANCIAL, INC. employee regarding a survey for that property. At no point prior to September 10, 2020 was Plaintiff told that having a survey on his original property in addition to the appraisal would be necessary to closing the loan. HELEN ROBINSON even admitted in a September 10, 2020 email to Plaintiff that she wasn't sure how the land survey issue was "just now coming up." In that same email, HELEN ROBINSON stated, for the first time during the loan process, that the loan could not be closed without a survey.

17.     By September 14, 2020 it became clear that no survey could be completed in time for closing. Kirk Moore sent an email to Plaintiff and HELEN ROBINSON notifying them that the contract would need to be amended and the closing rescheduled due to the lack of survey. Kirk Moore also reported this to the realtor for the seller of the Property, Danny Wilson, that

same day. However, Danny Wilson reported on September 15, 2020 that the sellers would not agree to any amendments or extension because he was receiving other offers on the Property at the significantly higher price of $260,000. HELEN ROBINSON confirmed in an email to Plaintiff that closing would not go forward due to the lack of survey and inability to close the refinance transaction and secure the loan. HELEN ROBINSON attempted to secure an exception to the survey requirement, given that Plaintiff was a very well-qualified buyer and would have had his loan approved were it not for HELEN ROBINSON's mistake. However, the exception never materialized. Later that day on September 14, Kirk Moore tried to save the transaction by offering to pay the list price of $260,000 and closing on the property on September 30, 2020. Danny Wilson accepted this offer because it would result in a quicker sale, but stated that if Plaintiff could not pay that price at the next closing date he would be moving forward with one of the other potential buyers.

18.     On September 16, 2020, the day after the original closing date, HELEN ROBINSON ordered a rushed survey and covered the $1,250 cost. The survey was expected to be completed by September 23, 2020, one week prior to the new closing date. That same day, Plaintiff requested that HELEN ROBINSON increase his loan amount from $250,000 to $280,000 to account for the purchase price increase. HELEN ROBINSON replied that day stating that she would "edit the loan amount to $280,000 right away." However, on September 27, 2020, just three days before the new closing date, Plaintiff noted that the loan application showed a loan amount of $250,000 instead of $280,000. Once again, a fatal error had occurred that would prevent Plaintiff from closing on the Property.

19.     Additionally, on September 25, 2020, HELEN ROBINSON requested that Plaintiff sign and backdate a page of the closing disclosure form from August 9, 2020 via email.

She requested the backdated page again on September 28, 2020. HELEN ROBINSON had already received the signed and dated closing disclosure form prior to the first closing date but had apparently lost it.

20.     On September 28, 2020 Kirk Moore contacted HELEN ROBINSON via email regarding the incorrect loan amount, the fact that the new closing date would again be missed, the $45,000 price increase, and the potential loss of the Property altogether due to her mistakes. Kirk Moore was also disturbed that HELEN ROBINSON recommended that Plaintiff take a second loan of $30,000 at an 8% interest rate to bring the total loan amounts up to $280,000. HELEN ROBINSON recommended this second loan despite the fact that the $250,000 loan was at a much lower interest rate of 2.625% and that the loan amount was incorrect due to her own error. Kirk Moore demanded that HELEN ROBINSON contact her management to ensure that Plaintiff would get funded for the $280,000 loan by Friday, October 2, 2020 at the latest. Again afraid of losing the Property for good due to HELEN ROBINSON's incompetence, Plaintiff withdrew $10,942.43 from his savings on September 30, 2020 to try to save the purchase.

21.     On September 29, 2020, HELEN ROBINSON sent a response to Kirk Moore's emails, stating that she discussed the issues in the transaction with Jeremy Smith, president of the Texas Mortgage Association. However, when Jeremy Smith provided a response to Kirk Moore's email, he seemed completely unaware of what happened. Kirk Moore provided a basic summary of the situation in writing and requested that Jeremy Smith speak with his manager at Realty Texas, Lynda Conway. Lynda Conway then sent Jeremy Smith an email laying out the issues and requesting a resolution during a phone call.

22.     Lynda Conway reported back to Plaintiff that during her call with Jeremy Smith, he took no responsibility for the problems caused by HELEN ROBINSON and tried to blame the

realtors for the problems in the transaction despite all issues being caused solely by HELEN ROBINSON and other employees of AMERIFIRST FINANCIAL, INC. Lynda Conway explained to Plaintiff that Jeremy Smith lied to her about knowing her, despite the two never having met prior to this incident. Later, Jeremy Smith spoke to Plaintiff directly via phone call and complained about only making $900 on the deal and having to pay $1,250 for a rushed survey. No attempts at resolution, let alone acknowledgement of the hardships and damages Plaintiff faced due to AMERIFIRST FINANCIAL, INC. and HELEN ROBINSON's failure to perform the basic duties of a brokerage firm and individual broker were even alluded to by Jeremy Smith during these phone calls.

23.     On May 26, 2021, counsel for Plaintiff sent Jeremy Smith of AMERIFIRST FINANCIAL, INC. a demand letter reciting these facts and stating Plaintiff's claim for damages. Counsel for Plaintiff sent the demand letter via certified mail, regular mail, and electronic mail. Jeremy Smith and AMERIFIRST FINANCIAL, INC. denied any responsibility for the actions of their employee, HELEN ROBINSON, and the damages her behavior caused.

## DECEPTIVE TRADE PRACTICES

24.     Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

25.     Unconscionable Action or Course of Action.   Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

26.   <u>Violations of Section 17.46(b)</u>.   Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendants:

(a)   failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

27.   <u>Producing Cause</u>.   Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

28.   <u>Reliance</u>.   Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

29.   <u>Written Notice Given</u>.   Plaintiff has timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated May 26, 2021, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

**COMMON LAW FRAUD**

30.   Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment.

31.   As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## FRAUD IN A REAL ESTATE TRANSACTION

32.     Plaintiff would further show that the false representations and/or promises of Defendants constitute fraud in a real estate transaction as defined by Section 27.01 of the Texas Business and Commerce Code.

33.     Plaintiff is therefore entitled to recover from Defendants actual damages described more fully hereinbelow, reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court as provided by Section 27.01 of the Texas Business and Commerce Code.

## NEGLIGENCE

34.     In the course of the transactions between Plaintiff and Defendants, Defendant HELEN ROBINSON owed Plaintiff a duty to facilitate and close the loan following Plaintiff's approval. HELEN ROBINSON was specifically recommended to Plaintiff by his realtor, who stated that he could "vouch that she is very good at her job" and that he provided her with a summary of Plaintiff's goals as a buyer. Based on the recommendations of Kirk Moore, Plaintiff decided to use HELEN ROBINSON as his mortgage broker. Plaintiff and HELEN ROBINSON developed a personal relationship and spoke exclusively about the loan process. Plaintiff trusted HELEN ROBINSON to facilitate the mortgage loan for the Property and believed she provided him with all necessary information and instruction to ensure the loan would process on time. HELEN ROBINSON had a duty to tell Plaintiff what documents were required by AMERIFIRST FINANCIAL, INC. in order to finalize the loan. Plaintiff believed HELEN ROBINSON had explained all requirements to him, and he complied with each. However, HELEN ROBINSON failed to disclose the survey requirement until it was too late for Plaintiff to comply, causing Plaintiff to lose both the original closing date and purchase price of $215,000.

35.     HELEN ROBINSON also had a duty to increase Plaintiff's loan amount from $250,000 to $280,000. Plaintiff requested HELEN ROBINSON do this after Plaintiff was forced to pay $45,000 more for the Property following the missed closing date. Again, HELEN ROBINSON failed to perform her duty as a mortgage broker and secure the loan for the correct amount. When HELEN ROBINSON failed to increase Plaintiff's loan amount as required due to her previous mistake causing Plaintiff to lose the originally contracted-for purchase price, HELEN ROBINSON suggested that Plaintiff take a second loan for $30,000 at an interest rate nearly four times as high as the interest rate in Plaintiff's original loan for $250,000. HELEN ROBINSON was not acting in good faith when attempting to help Plaintiff and instead was acting for the benefit of AMERIFIRST FINANCIAL, INC.

36.     Plaintiff would show that Defendant HELEN ROBINSON failed to exercise ordinary care in performing her duties as a mortgage broker.  The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duty constitute a proximate cause of the damages of Plaintiff described more fully hereinbelow, for which Defendant is liable to Plaintiff.

## VIOLATIONS OF TEXAS FINANCE CODE

37.     In the course of the transactions between Plaintiff and Defendants, Defendants AMERIFIRST FINANCIAL, INC. and HELEN ROBINSON engaged in prohibited acts as defined by TEX. FINANCE CODE Sec. 180.153(2),(11). Specifically, HELEN ROBINSON engaged in an unfair or deceptive practice towards Plaintiff by failing to disclose that a survey was required for the loan to close with adequate time for Plaintiff to acquire a survey and by suggesting that Plaintiff take a second loan at an interest rate nearly four times that of the original loan to cover for HELEN ROBINSON's failure to disclose required documents. Such a

loan would benefit AMERIFIRST FINANCIAL, INC. due to the significantly higher interest rate. HELEN ROBINSON has further made false or deceptive statements or representations, such as assuring Plaintiff that he had provided all required documents, as further described in the preceding paragraphs.

38.     Plaintiff would show that Defendants violated TEX. FINANCE CODE Sec. 180.153. The acts of Defendants described hereinabove constitute a proximate cause of the damages of Plaintiff described more fully hereinbelow, for which Defendants are liable to Plaintiff.

<h3 style="text-align:center">ECONOMIC AND ACTUAL DAMAGES</h3>

39.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

 (a)     Out-of-pocket expenses, including but not limited to paying $45,000 more for the price of the Property and $10,942.43 taken from Plaintiff's savings to fund the transaction.

 (b)     Interest and/or finance charges assessed against and paid by Plaintiff.

 (c)     Loss of the "benefit of the bargain."

 (d)     Reasonable medical care and expenses for stress-related illnesses.

<h3 style="text-align:center">DAMAGES FOR MENTAL ANGUISH</h3>

40.     Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

41.     As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and

Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

42.     As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

43.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

44.     Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff.  In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code and by Section 27.01 of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

45.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 27.01(e) of the Texas Business and Commerce Code; and, (c) common law.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, George Howard, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

SHEEHAN LAW, PLLC

By: /s/ *Farren Sheehan* _____
   Farren Sheehan
   Texas Bar No. 24000751
   Email: *fsheehan@farrensheehanlaw.com*
   Ashley Kraus
   Texas Bar No. 24116641
   Email: *ashley@farrensheehanlaw.com*
   1601 E. Pfennig Lane
   Pflugerville, TX 78660
   Tel. (512) 251-4553
   Fax. (888) 251-4959
   Attorneys for Plaintiff,
   George Howard

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-21-003470**

GEORGE HOWARD

, Plaintiff

vs.

AMERIFIRST FINANCIAL, INC., AND HELEN ROBINSON

, Defendant

TO:   AMERIFIRST FINANCIAL INC
      BY SERVING ITS REGISTERED AGENT URS AGENTS LLC
      2601-2 N JOSEY LANE SUITE 223
      CARROLLTON, TEXAS 75007

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 26, 2021 in the 345TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 02, 2021.

REQUESTED BY:
FARREN MARIE SHEEHAN
1601 E PFENNIG LN
PFLUGERVILLE, TX 78660-2918
BUSINESS PHONE:(512)251-4553  FAX:(888)251-4958

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: JESSICA A.-LIMON

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation

together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-21-003470                        SERVICE FEE NOT PAID                        P01 - 000109347

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-21-003470**

GEORGE HOWARD

, Plaintiff

vs.

AMERIFIRST FINANCIAL, INC., AND HELEN ROBINSON

, Defendant

TO:     HELEN ROBINSON
        930 S BELL BOULEVARD UNIT 305 OFFICE D
        CEDAR PARK, TEXAS 78613

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION  of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 26, 2021  in the 345TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 02, 2021.

REQUESTED BY:
FARREN MARIE SHEEHAN
1601 E PFENNIG LN
PFLUGERVILLE, TX 78660-2918
BUSINESS PHONE:(512)251-4553  FAX:(888)251-4958

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JESSICA A.-LIMON

-- - - - - - - - - - -- R E T U R N -- - - - - - - - - - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at

_____ within the County of _____ on the _____ day of

_____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation

together with the PLAINTIFF'S ORIGINAL PETITION  accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____
_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-21-003470                    SERVICE FEE NOT PAID                    P01 - 000109348

CITATION

THE STATE OF TEXAS

CAUSE NO. D-1-GN-21-003470

**8/5/2021 10:34 PM**
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-21-003470**
**Gilberto Rios**

GEORGE HOWARD

, Plaintiff

vs.

AMERIFIRST FINANCIAL, INC., AND HELEN ROBINSON

, Defendant

TO:   AMERIFIRST FINANCIAL INC
      BY SERVING ITS REGISTERED AGENT URS AGENTS LLC
      2601-2 N JOSEY LANE SUITE 223
      CARROLLTON, TEXAS 75007

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 26, 2021 in the 345TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 02, 2021.

REQUESTED BY:
FARREN MARIE SHEEHAN
1601 E PFENNIG LN
PFLUGERVILLE, TX 78660-2918
BUSINESS PHONE:(512)251-4553   FAX:(888)251-4958



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JESSICA A.-LIMON

- - - - - - - - - - - - **RETURN** - - - - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at

_____ within the County of _____ on the _____ day of

_____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation

together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

Sheriff, Constable, Authorized Person

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-21-003470                    SERVICE FEE NOT PAID                    P01 - 000109347

## AFFIDAVIT FOR RETURN OF SERVICE

## Cause No: D-1-GN-21-003470

**GEORGE HOWARD**
**VS**
**AMERIFIRST FINANCIAL, INC, AND**
**HELEN ROBINSON**

**IN THE DISTRICT COURT**
**345th JUDICIAL DISTRICT**
**TRAVIS, COUNTY, TEXAS**

| | |
|---|---|
| COME TO HAND ON: | **AUGUST 3,2021 AT 9:19 AM** |
| BY DELIVERING TO: | **AMERIFIRST FINANCIAL INC, BY SERVING ITS REGISTERED AGENT URS AGENTS LLC** |
| | **ASA ACCEPTING PROCESS OF SERVICE FOR AMERIFIRST FINANCIAL INC.** |
| ADDRESS DELIVERED: | **3610-2 , STE 223, N JOSEY LN, CARROLLTON , TEXAS** |
| DATE EXEUTED : | **AUGUST 4,2021 AT 9:09 AM** |
| MODE OF DELIVERY : | **IN PERSON** |
| DOCUMENT DELIVERED : | **CITATION WITH PLAINTIFF'S ORIGINAL PETITION** |
| ATTORNEY | **F SHEEHAN** |

A true and correct copy of the above listed documents were delivered having first endorsed on such copy the date of
delivery. I am over the age of eighteen, not a Party to nor interested in the outcome of the above numbered suit and
am authorized by written order of the court to serve citation and other notices

Larry Rogers SCH# 7890
Exp November 30, 2021
512-296-3219

State of Texas – Williamson County

Before me, a notary public, on this day personally appeared the above named authorized person known to be the person
whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements
therein contained are true and correct,  Given my hand and seal of office on this  5th day of August 2021.

Notary Signature

DESIREE ALLMAN
Notary Public, State of Texas
Comm. Expires 09-10-2022
Notary ID 129949047

8/5/2021 10:34 PM

**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-21-003470**
**Gilberto Rios**

CITATION

THE STATE OF TEXAS

CAUSE NO. D-1-GN-21-003470

GEORGE HOWARD

, Plaintiff

vs.

AMERIFIRST FINANCIAL, INC., AND HELEN ROBINSON

, Defendant

TO:   HELEN ROBINSON
      930 S BELL BOULEVARD UNIT 305 OFFICE D
      CEDAR PARK, TEXAS 78613

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 26, 2021 in the 345TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 02, 2021.

REQUESTED BY:
FARREN MARIE SHEEHAN
1601 E PFENNIG LN
PFLUGERVILLE, TX 78660-2918
BUSINESS PHONE:(512)251-4553   FAX:(888)251-4958



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JESSICA A.-LIMON

- - - - - - - - - - - - - R E T U R N - - - - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day of
_____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation
together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading
and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-21-003470                                    SERVICE FEE NOT PAID                              P01 - 000109348

## AFFIDAVIT FOR RETURN OF SERVICE

## Cause No: D-1-GN-21-003470

**GEORGE HOWARD**
    **VS**
**AMERIFIRST FINANCIAL, INC,  AND**
**HELEN ROBINSON**

**IN THE DISTRICT COURT**
**345th JUDICIAL DISTRICT**
**TRAVIS, COUNTY, TEXAS**

| | |
|---|---|
| COME TO HAND ON: | **AUGUST 3,2021 AT 9:19 AM** |
| BY DELIVERING TO: | **HELEN ROBINSON** |
| ADDRESS DELIVERED: | **1704 ATLANTICA ST, CEDAR PARK, TEXAS 78613** |
| DATE EXEUTED : | **AUGUST 4,2021 AT 3:00 PM** |
| MODE OF DELIVERY : | **IN PERSON** |
| DOCUMENT DELIVERED : | **CITATION WITH PLAINTIFF'S ORIGINAL PETITION** |
| ATTORNEY | **F SHEEHAN** |

A true and correct copy of the above listed documents were delivered having first endorsed on such copy the date of
delivery. I am over the age of eighteen, not a Party to nor interested in the outcome of the above numbered suit and
am authorized by written order of the court to serve citation and other notices

Larry Rogers SCU# 7890
Exp November 30, 2021
512-296-3219

State of Texas – Williamson County

Before me, a notary public, on this day personally appeared the above named authorized person known to be the person
whose name is  subscribed to the foregoing document and, being by me first duly sworn, declared that the statements
therein contained are true and correct,  Given my hand and seal of office on this  5th day of August 2021.

Notary Signature

DESIREE ALLMAN
Notary Public, State of Texas
Comm. Expires 09-10-2022
Notary ID 129949047

8/16/2021 4:39 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-003470
Victoria Benavides

Spencer

MARGARET DONAHUE HALL
DIRECT DIAL: 214-459-5882
phall@spencerfane.com

File No. 5034496-03

August 16, 2021

**VIA E-MAIL** <u>ASHLEY@FARRENSMITH.COM</u>

Ashley Kraus
Sheehan Law, PLLC
1601 E. Pfennig Lane
Pflugerville, TX  78660

**Re:   Rule 11 Agreement**
**Cause D-1-GN-21-003470,** *George Howard v. Amerifirst Financial, Inc. and Helen Robinson*,
**in the 345th Judicial District Court of Travis County, Texas ("Lawsuit")**

Dear Ms. Kraus:

The purpose of this letter is to document that Plaintiff's counsel has agreed to an extension of time until Monday, September 13, 2021 for Defendants Amerifirst Financial, Inc. and Helen Robinson to Move, Answer, or otherwise plead in response to your client's original pleading in the Lawsuit.

If this letter reflects your understanding of our agreement, please acknowledge by signing and returning this Rule 11 agreement to my attention.

Thank you for your consideration in this matter.

Sincerely,

Margaret "Peg" Donahue Hall

MDH/sll

AGREED:

Ashley Kraus, Attorney for Plaintiff George Howard

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandra LaCroix on behalf of Peg Hall
Bar No. 5968450
slacroix@spencerfane.com
Envelope ID: 56355844
Status as of 8/18/2021 10:29 AM CST

Associated Case Party: AMERIFIRST FINANCIAL, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MARGARET "PEG" DONAHUEHALL | | phall@spencerfane.com | 8/16/2021 4:39:13 PM | SENT |

Associated Case Party: GEORGEHOWARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ashley Kraus | | ashley@farrensheehanlaw.com | 8/16/2021 4:39:13 PM | SENT |

# Online Case Information

## Details

**Updated : Tuesday, August 31, 2021 4:35:22 AM**

New Search (/OnlineCaseInformationWeb/)        Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

|  |  |
|---|---|
| **Cause Number** | D-1-GN-21-003470 |
| **Case Status** | PENDING |
| **Style** | HOWARD V AMERIFIRST ET AL |
| **Filed Date** | 7/26/2021 |
| **Hearing Date** | -- |

| Attorney | Type | Full/Business Name | First Name | Middle Name | Last Name |
|---|---|---|---|---|---|
|  | DEFENDANT |  | HELEN |  | ROBINSON |
|  | DEFENDANT | AMERIFIRST FINANCIAL INC |  |  |  |
| SHEEHAN FARREN MARIE | PLAINTIFF |  | GEORGE |  | HOWARD |

| Event Date | Party Type | Description |
|---|---|---|
| 8/16/2021 |  | OTHER FILING |
| 8/5/2021 | DF | EXECUTED SERVICE |
| 8/5/2021 | PL | EXECUTED SERVICE |
| 8/2/2021 | DF | ISS:CITATION |
| 8/2/2021 | DF | ISS:CITATION |
| 7/26/2021 | PL | ORIGINAL PETITION/APPLICATION |

New Search (/OnlineCaseInformationWeb/)